Baltimore Chemical Manufacturing Co's Lessee *vs.* Dobbin.

( Decided June 14th, 1865.)

---

## THE BALTIMORE CHEMICAL MANUFACTURING COMPANY'S LESSEE *vs.* GEORGE W. DOBBIN.

EVIDENCE: ANCIENT POSSESSIONS.—PRESUMPTIONS OF DEEDS for the protection of ancient possessions, are made upon principles of public policy.

Baltimore Chemical Manufacturing Co's Lessee *vs.* Dobbin.

Such presumptions are founded in equity, and are always made for the promotion of justice.

Where the schedule of an insolvent, offered in evidence, showed that he had allowed the commissioners for the sale of confiscated lands to sell the land in dispute with his consent, and claimed to be paid the proceeds by the State, it would be unjust to direct such a presumption to be made as would defeat the title so acquired by his consent.

Length of possession is the great leading fact in presuming grants and deeds, and without which no grant or deed can be presumed.

APPEAL from the Superior Court of Baltimore city.

This is an appeal from a judgment of the Superior Court of Baltimore city, in favor of the defendant, in an action of *ejectment* brought by the lessor of the plaintiff for the recovery of a tract of land called *"Stewartsylvania."* The defendant pleaded *not guilty*, and took defence on warrant, and a survey was made and returned. The facts of the case are fully stated in the opinion of this Court.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH, COCHRAN and WEISEL, J.

*George H. Williams*, for the appellant:

The possession of the lessor of the plaintiff from the year 1831 to the year 1860, (the time of trial,) a period of twenty-nine years, was sufficient, in the absence of conflicting evidence, to bar the right of entry of adverse claimants, if there were any such, and to constitute a title in the lessor of the plaintiff to the extent of its possession.

The entry of the lessor of the plaintiff being under claim of title to the whole tract, its possession of part became, in construction of law, a possession of the entire tract.

The mesne conveyances under which the lessor of the plaintiff derives title from Mark Alexander, who claimed the entire tract, and conveyed the same to his trustee in insolvency in 1787, is a sufficient color of title to support and extend the possession of the said lessor as against the defendant, who claims the land in controversy only as parcel of Upton Court.

Under these circumstances the declarations of Mark Alexander, that he acquired his title under the patent made formally before the commissioners of confiscated property, together with the other evidence tendered in connection therewith, would have been sufficient to warrant the jury in presuming a deed from Daniel Chamier to Mark Alexander, and, therefore, that the declaration was admissible in evidence.

To show that the lessor of the plaintiff was in under color of title, and the legal effect of such entry in extending its actual possessions, reference will be made to *Hoye vs. Swan's Lessee*, 5 *Md. Rep.*, 238. And upon the general subject of presumptions, *Beal's Lessor vs. Lynn*, 6 *H. & J.*, 336; *Shilknecht's Lessor vs. Eastburn*, 2 *G. & J.*, 115; *Casey's Lessee vs. Inloes*, 1 *Gill*, 430.

*George W. Dobbin* and *Oliver Miller*, for appellee:

The appellee will contend:

I. That no possession whatever being shown by Alexander, nor by any one claiming under him, from 1771 to 1831, when the plaintiff took possession, a period of sixty years, such possession by the plaintiff is not a foundation for presuming a deed. *Casey's Lessee vs. Inloes*, 1 *Gill*, 496, 497.

II. That a deed is only presumed in favor of an actual, adverse, exclusive and continuous possession, and then only in strict co-extent with such possession. *Cheney's Lessee vs. Watkins*, 1 *H. & J.*, 527. *Carroll vs. Norwood*, 1 *H. & J.*, 167. *Best on Pres.*, 4 *Law Lib.*, 62, 98 to 100. *Cockey vs. Smith*, 3 *H. & J.*, 20. *Carroll vs. Norwood*, 5 *H. & J.*, 162.

III. That the doctrine of extending the possession of part of a tract to the whole tract, applies only to a case in which the possessor of part shows a clear paper title to the whole. *Davidson's Lessee vs. Beatty*, 3 *H. & McH.*, 621. *Casey vs. Inloes*, 1 *Gill*, 500.

IV. That the record shows no title whatever in Mark Alexander, and he must be treated as a mere trespasser.

As such, he, and those claiming under him, can claim title only to such parts of the tract as they had in adversary, uninterrupted and exclusive possession by enclosure; and having had no possession whatever of the land for which defendant took defence, they cannot recover. *Davidson's Lessee vs. Beatty*, 3 *H. & McH.*, 621.

V. That the doctrine of presuming a deed, will only be applied when the manifest justice of the case requires it, and that here the evidence offered (Mark Alexander's schedule) shows that he had allowed the commissioners of confiscated lands to sell "Stewartsylvania" with his consent, and that he claimed to be paid the proceeds in settlement with the State for other lands bought by him; and that the consequence of now directing such a presumption, would be to take from innocent purchasers what he had consented should be sold to them. *Casey vs. Inloes*, 1 *Gill*, 497, 505.

In reply to the appellant's counsel, they argued that *color of title* must rest on a claim of title from one who had a title; *Thistle vs. Frostburg Coal Co.*, 10 *Md. Rep.*, 129; and the argument of counsel upon the subject of *color of title*. The appellant's counsel are, therefore, in error in arguing that the lessor of the plaintiff being in *possession under claim* of title to the whole tract, its possession of part became, in construction of law, a possession of the entire tract; for possession under claim of title is not possession under color of title.

*Thomas S. Alexander*, for the appellant, in reply:

The only land in controversy, is the parcel of lot No. 5, which is included within our locations of "*Stewartsylvania.*"

Now the first remark suggested by the bill of exceptions is, that the land for which the defendant has taken defence, is claimed by him as parcel of "*Upton Court*," and as we concede that Upton Court is the elder tract, we can recover no part of "*Stewartsylvania*," which does not lie clear of "*Upton Court*" as properly located; hence, the record presents no question of conflicting *title* or conflicting possession. The

question really at issue, is purely one of location, and that is not presented by the bill of exceptions. It has been anticipated by the objection taken to our evidence of title.

In the next place, it is shown that we had, *possessio pedis*, of parcel of *"Stewartsylvania,"* for upwards of twenty years next before the commencement of this action, and for nearly thirty years next before the trial thereof.

It is then claimed that our entry was with *color of title*, and if this claim is made good, then our pedal possession of parcel, is by construction of law, an actual possession of the entirety.

The first question to be discussed, is therefore, did we enter into possession under color of title?

Now we claim through mesne conveyances under Caustin, who claimed by conveyance under Moale, who claimed as the successor of Mark Alexander Cox, who claimed under a conveyance from Mark Alexander, made to him in 1787.

We showed next, the patent to Richards in 1768, and the deed from Richards to Chamier in 1770. But we could show no deed from Chamier to Alexander. This last link in the chain of paper title was altogether wanting.

Now we say, that the several deeds from Mark Alexander through intermediate purchasers to us, gave color of title to our entry and possession.

What is color of title? Counsel say that if we had shown a deed from Chamier to Alexander, defectively acknowledged or defectively enrolled, then we would have color of title. But as there is no evidence of a conveyance in fact from Chamier to Alexander, the latter could not convey title or color of title to Cox, nor could Cox convey title or color of title, &c., &c. But *Beall vs. Lynn*, proves in opposition to this view, that there can be no color of title imputed, where a defective deed is introduced as one link in the chain. And on the other hand, that if the tenant in possession has come in under a deed apparently good, he is in under color of title, although some of the more remote links in the chain are wholly wanting. Ac-

cording to the ruling in that case, if we had offered in evidence a deed from Chamier to Alexander, defective in acknowledgment or enrollment, we could not have proved title through such defective deed, nor have asked the jury another perfect conveyance between the same parties. But if after taking the judgment of the Court in regard to the defective deed, we had withdrawn it altogether from the jury, then we might, on proving a good paper title from Alexander to us, and a sufficient possession in us, to have asked the jury to bridge over the chasm by presuming a good deed from Chamier to Alexander. I assume, of course, that no other objection existed to bar the presumption. I conclude therefore, that if the party enters under a deed apparently good, he is in under color of title, although his immediate grantor had no title; and that if the party enters under a deed defective on its face, he cannot rely on that deed as color of title, although his immediate grantor may have a perfect title. *Hoye vs. Swann's Lessee,* 5 *Md. Rep.,* 237.

Assuming then, that we are in under color of title, and therefore, in actual possession of the entire tract, we are next to show that we have offered evidence sufficient to warrant the presumption of a deed from Chamier to Alexander.

I discard, for the present, the schedule of Alexander, and shall insist:

1st. That the application of Alexander,—his deed to M. A. Cox,—the deed of S. Moale to J. Caustin, and the subsequent conveyances to us, with our possession of twenty-nine years, will warrant the presumption.

2nd. That the letter of Alexander to the Commissioners was admissible, as strengthening the presumption.

The other side insists, that the grant to Alexander is not to be presumed, since he was not at any time in actual possession. Upon their hypothesis, a presumption might be made of a deed to us. Now I admit, that possession is the basis of the presumption. But where possession is held

under color of divers mesne conveyances, the presumption must be of a conveyance to the earliest in the series of grantors.

It cannot be to the person in possession, since the very adduction of the deeds is a concession of the titles of the successive grantors. *Vide Beall vs. Lynn*, 6 *H. & J.*, 336. And if these deeds are withdrawn, we cease to have color of title. In *Beall vs. Lynn*, Clarke had possession *in passim*, but not such a possession as would have extended beyond actual occupancy, as we had no color of title. There was color of title in his grantor, and his possession was made the ground-work of presumption. Clarke's acts of ownership were nothing more than circumstances aiding the presumption. In *Casey vs. Inloes*, Blunt had no possession, if it be assumed he had, then the fact ought to be hypothetically stated. But in terms the Court say, the possession may be in the person of the presumed grantor, or *in those* claiming under him. *Carroll vs. Norwood*, 4 *H. & McH.*, 287. 1 *H. & J.*, 100 and 167; and, 5 *H. & J.*, 155. The claim before the commissioner was a circumstance in corroboration.

As to confiscation. Upon this point, as on all others, we are to find our facts in the bill of exceptions. The deed from Alexander to his trustee, conveyed all his estate for the benefit of his creditors, and the trustee was bound to sell, and we may presume did sell, every interest which he was authorized to sell.

The declarations of Alexander were evidence as declarations against his grantee, yet they could not operate as a conveyance of, or estoppel against, his trustee, or any one claiming under his trustee. They were liable to be rebutted by contrary evidence. They were open to explanation, and if unexplained and uncontradicted, they could avail only as an equity in favor of the person who could show that he had purchased from the commissioner on the faith of the alleged agreement. Now this defendant has not shown, and at this stage of the cause could not show, that he

claimed under a purchaser who had then purchased. On the contrary, it is part of the plaintiffs' proof, that the defendant claims, exclusively, the title to *"Upton Court."* The admission of our proof will not debar him of the right to show his equity, if he has any. Again, we have shown that there is no trace of any such supposed agreement on the records of the commissioners; and it is clear that the commissioners had no authority to enter into any such agreement. The inference is therefore very fair, that no such contract was made, and no sale under any such contract.

The Acts of Assembly show the commissioners could sell no more than the forfeited estate. 1785, ch. 66, secs. 5 and 8. "Whetstone Point" was a very extensive point.

GOLDSBOROUGH, J., delivered the opinion of this Court:

This is an action of ejectment for a portion of a tract of land called *"Stewartsylvania,"* lying within the limits of the city of Baltimore.

The plaintiff below, the present appellant, to prove its title, offered in evidence a patent granted for this tract in 1768, to James Richards; also a deed from Richards to Daniel Chamier, executed in 1770, conveying to him this and other parcels of land in trust, to sell the same to pay the claims of certain creditors of Richards, and that, in 1781, a certain Mark Alexander made claim to *"Stewartsylvania."* To support this claim, the appellant read to the jury a copy of a notice published in the Maryland Gazette, in May 1771, in which, Chamier advertised this land to be sold at public sale on the 15th of June then next. Then for the purpose of laying the foundation for the presumption of a deed from Chamier to Alexander, it offered to read a copy of a letter from Alexander to the commissioners, for the sale of confiscated lands. This letter and the endorsement thereon, is set out in the record. It also offered to show that Alexander became an insolvent petitioner in 1787, and returned in his schedule, his claim to this tract of land,

and that it was subsequently sold by Samuel Moale, the insolvent trustee, to one Isaac Caustin, under whom the appellant claims; that it took pedal possession in 1831, of a part of "*Stewartsylvania*," other than the part for which the defendant took defence, and held the same until 1849, when it sold a part of said tract to other persons, who have since been in the undisputed possession, occupancy and enjoyment of the part so sold, as the appellant had been; that at the time of the purchase by the appellant, in 1831, the whole of this tract was barren, uncultivated and waste, lying near to and on the harbor of Baltimore, and entirely unimproved in any manner whatsoever, and too narrow and unimportant to justify any other possession than that shown by the said claim, and the deed from Mark Alexander's trustee and his grantors to the plaintiff. But the Superior Court, on consideration of said offer in evidence, and of the object as stated, and of the proffer of the evidence by which it was to be followed up and supported, overruled and excluded the same, and the appellant excepted.

The object for which the evidence was offered, was to lay the foundation for the presumption of a deed from Chamier to Alexander. It was, in our opinion, legally insufficient for this purpose, and there was no error in rejecting it.

Presumptions of deeds for the protection of ancient possessions, are made upon principles of public policy. *Casey's Lessee vs. Inloes*, 1 *Gill*, 505. Such presumptions are founded in equity, and are always made for the promotion of justice. In this case, the schedule of Mark Alexander, offered in evidence, shows that he had allowed the commissioners for the sale of confiscated lands, to sell "*Stewartsylvania*" with his consent, and claimed to be paid the proceeds by the State. It would therefore now be unjust, to direct such a presumption to be made as would defeat the title so acquired by his consent. But here the foundation for such a presumption is wholly wanting.

"Length of possession is the great leading fact in presuming grants and deeds, and without which, no grant or deed, can be presumed." CHASE, C. J., in *Cockey vs. Smith*, 3 *H. & J.*, 27. See also, *Casey's Lessee vs. Inloes*, 1 *Gill*, 496, (and 497, plaintiff's 4th prayer.) No evidence is offered to show that Mark Alexander ever was in possession of "*Stewartsylvania*," nor that any of the parties under whom the appellant claims, had any possession from 1781 to 1831.

In the last named year, the appellant, according to the proof offered, took pedal possession of a part under color of title to the whole tract.

From this period, to the time of bringing this suit, only fourteen years elapsed, a space of time too short to justify the presumption of a deed.

*Judgment affirmed.*

(Decided June 14th, 1865.)